805 F.2d 1033
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alfred BOGAERT, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 85-1890.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1986.
 
 Before LIVELY, Chief Judge, MERRITT, Circuit Judge, and TIMBERS, Senior Circuit Judge.*
 PER CURIAM.
 
 
 1
 On March 30, 1984, plaintiff-appellant Alfred Bogaert filed an application for Social Security disability insurance benefits with defendant-appellee Secretary. Appellant claimed that he was disabled because of a work-related lower-back injury and the resulting severe pain. Appellee denied appellant's application initially and on reconsideration. On August 8, 1984, a hearing was held before an Administrative Law Judge ("ALJ"), who filed a decision denying benefits on August 29, 1984. In reaching his decision, the ALJ applied the first and second steps of the five-step sequential analysis codified at 20 C.F.R. Sec. 404.1520 (1984), for determining whether a benefits applicant is disabled. The ALJ did not proceed beyond the second step of that analysis since he found that appellant did not have a "severe impairment". Id. Sec. 404.1520(c).
 
 
 2
 The ALJ's decision became the final decision of appellee on October 12, 1984, when the Appeals Council denied appellant's request for review. On October 24, 1984, appellant filed the instant action seeking judicial review of appellee's decision. Appellant appeals from the judgment entered on October 23, 1984, dismissing his action.
 
 
 3
 In Farris v. Secretary of Health and Human Services, 773 F.2d 85 (8th Cir.1985), we held that a denial of benefits based on a finding that the applicant does not have a severe impairment could be sustained only if there was substantial evidence that the applicant "has only a 'slight' impairment that does not affect [his] ability to work." Id. at 90. We stated that the second step of the sequential analysis, "properly interpreted, serves the goal of administrative efficiency by allowing the Secretary to screen out totally groundless claims." Id. at 89.
 
 
 4
 Here, medical reports admitted at the hearing establish that appellant's claim is not "groundless"; nor can his impairment be deemed to be a mere "slight" abnormality that would not interfere with his ability to work. For example, appellant's treating physician reported that appellant could not work; another physician reported that appellant's conditions "could very well cause back pain."
 
 
 5
 We hold, therefore, that substantial evidence does not support the ALJ's finding that appellant does not have a severe impairment. Accordingly, the judgment of the district court is reversed and the district court is directed to remand the case to appellee-Secretary with instructions to apply the third step of the sequential analysis, and, if necessary, the fourth and fifth steps.
 
 
 6
 REVERSED and REMANDED.
 
 
 
 *
 Of the Second Circuit, by designation